# Jackson *v.* Tate, Muller & Witcher.

*Action on Promissory Note.*

1. *Set-off; judgment for defendant, for excess.*—When a set-off is pleaded and proved, in excess of the plaintiff's demand (Code, § 2992), the defendant is entitled to a judgment for such excess.

2. *Abstract charge.*—An abstract charge may be refused, even though it asserts a correct legal proposition.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

The appellees, Tate, Muller & Witcher, brought suit against the appellant, William S. Jackson, on two notes made by appellant to appellees.

The defendant pleaded, in short by consent, the general issue, payment, and set-off of balance claimed to be due from plaintiffs to defendant on account of transactions between them covering a period of several years, in which defendant acted as agent for appellees in the handling and sale of fertilizers for them. The plaintiffs introduced in evidence the two notes given by defendant to them, which expressed on their face that they were given for fertilizers purchased by defendant from the plaintiffs.

The defendant introduced in evidence a written contract between him and the plaintiffs, authorizing him to act as agent of plaintiffs for the handling and sale of fertilizers, and, among other things, said contract provided, that, "as compensation for all defendant's services and expenses as agent of plaintiffs, they would pay him 12½ per cent. com-

missions in kind, according to sales and settlement; but that no compensation should be due him until they had been paid in full for their share in the proceeds of all his sales, and that in no case should they be held in any manner or wise responsible to him for the collection of his commissions and expenses, and that he should guarantee them full payment of all sales to the full extent of his commissions."

This evidence tended to show that the notes sued on were given for a remnant of fertilizers which the defendant had taken for his own use, and which he, as agent, had failed to sell for the plaintiffs during the planting season.

The defendant, after introducing said contract, offered in evidence an itemized statement of account between himself and plaintiffs, in which he charged himself with amounts of sales of fertilizers made by him under said contract, and credited himself with payments thereon and his commissions, said statement showing a balance of $3.38 in favor of defendant; but the items of credit on said statement, except the commissions, were all for money and cotton, collected by defendant from other parties for plaintiffs under said contract; and defendant testified that he had never paid to plaintiffs anything except what he had collected for them on sales made for them under said contract. The court excluded this statement from the jury on the objection of plaintiffs, and defendant excepted. The defendant offered to prove that notes taken by him, as agent for plaintiffs, for guano might have been collected if plaintiffs had not withdrawn them from him. The plaintiffs objected, the court sustained the objection, and defendant excepted.

It further appears from the bill of exceptions, that "the evidence tended to show there were commissions on collections due defendant from plaintiffs, and $12 for storage of guano; but there was no evidence tending to show that the amount defendant admitted he owed plaintiffs was less than the amount he claimed plaintiffs owed him." This being substantially all the material evidence, the defendant asked the following charge, in writing:

"If the jury believe, from the evidence, that the plaintiffs' indebtedness to the defendant was in excess of the defendant's indebtedness to them, the defendant was entitled to a judgment for such excess."

The court refused this charge, and defendant excepted.

The court then charged the jury, that "if they believed the evidence, they could not consider any matter as set-off against the notes sued on, except commissions at 12½ per cent. on the amount the defendant had collected for plaintiffs,

[Burroughs v. Pacific Guano Co.]

and the item of $12.00 storage." The defendant excepted to this charge.

R. H. ABERCROMBIE, for appellant.

J. A. BILBRO, *contra*.

STONE, C. J.—The first charge asked by defendant asserts a correct proposition of law, and should have been given, if there was evidence to support it. There does not, however, appear to have been any evidence tending to establish its truth, and it was rightly rejected as abstract. 1 Brick. Dig. 338, § 41; 3 *Ib.* 111, § 74.

There is nothing in the other exceptions.

Affirmed.